Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
550 W Fort St., Ste. 698
Boise, Idaho 83724
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

*Attorneys for the Acting United States Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>JESUS OCHOA,<br><br>Debtor. | Case no. 24-40388-NGH<br>Chapter 7 |

### UNITED STATES TRUSTEE'S MOTION REQUESTING ORDER FOR DEBTOR'S ATTORNEY TO SHOW CAUSE WHY NON-MONETARY SANCTIONS SHOULD NOT BE ORDERED UNDER § 105(a)

**Notice of Motion for Show Cause Order,
and Opportunity to Object and for a Hearing**

<u>No Objection</u>.   The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 7 days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>.   Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>.   The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

The Acting United States Trustee (the "UST") requests, pursuant to 11 U.S.C. § 105(a), that the Court order Attorney Aaron Tolson to appear and show cause why non-monetary sanctions should not be ordered against him due to certain conduct in the above-captioned case that appears to be an abuse of the automatic stay provisions of §§ 362(a) and 1301, contrary to the Idaho Rules of Professional Conduct, and/or is fraudulent as to creditors, the Court, and other parties in interest.

## I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

1.      On or about June 6, 2024, Mr. Tolson sent an email to a creditor that was exercising a lien on certain receivables of Jesus Ochoa. In his email, Mr. Tolson indicated:

> Jesus Ochoa has entered a Chapter 13 bankruptcy, and the stay on collection activity extends to Jesus and his small business, so he will need those funds from his drywall jobs to fund his chapter 13 plan, which will be repaying people at least some of what they are owed. Also send a copy of the lien you are referencing so the Chapter 13 trustee and I can figure out the rights of the various parties here and see if we can get this unstuck.

A copy of the email is attached hereto as Exhibit A. The email, the emails prompting it, and Mr. Tolson's response to the Chapter 13 Trustee, Kathleen McCallister, when she questioned why she was receiving the message, were all provided to the UST by Trustee McCallister.

2.      Based on a review of bankruptcy filings in the District of Idaho, there was no Chapter 13 bankruptcy filed for a Jesus Ochoa as of June 6. There were also no filings for Jesus Ochoa under any other Chapters of the Code at that time.

3.      On June 7, 2024, a day after the June 6 email, Mr. Tolson informed Trustee McCallister: "This is a case being prepared for Chapter 13." *See* Exhibit A. In other words, the case had not been filed when the June 6 email was sent.

4.      On July 10, 2024, over a month after Mr. Tolson invoked the automatic stay on

*Motion for Show-Cause Order re: Non-Monetary Sanctions* −2−

behalf of his client and his client's business, Mr. Tolson filed this Chapter 13 case for Mr.

Ochoa.

    5.    It is unclear as to why Mr. Tolson delayed filing the Chapter 13 bankruptcy for

his client. The electronic signatures on the filed Petition for Mr. Tolson and his client indicate

both Mr. Tolson and his client signed the Petition on June 5, 2024:

| Part 7: | Sign Below | |
|---|---|---|
| **For you** | I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct. | |
| | If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7. | |
| | If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b). | |
| | I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | |
| | I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571. | |

✗ /s/ Jesus Ochoa          ✗

Signature of Debtor 1          Signature of Debtor 2

Executed on   06/05/2024        Executed on

        MM / DD / YYYY          MM / DD / YYYY

Official Form 101       **Voluntary Petition for Individuals Filing for Bankruptcy**       page 6

Debtor 1   Jesus Ochoa                Case number (if known)

      First Name   Middle Name   Last Name

| For your attorney, if you are represented by one<br><br>If you are not represented by an attorney, you do not need to file this page. | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|

✗ /s/ Aaron Tolson       Date     06/05/2024

Signature of Attorney for Debtor            MM / DD / YYYY

Aaron Tolson

Printed name

TOLSON & WAYMENT PLLC

Firm name

1906 Jennie Lee Drive

Number   Street

Idaho Falls           ID     83406

City                State     ZIP Code

Contact phone 208-228-5221     Email address   ajt@aaronjtolsonlaw.com

6558           ID

Bar number          State

*Motion for Show-Cause Order re: Non-Monetary Sanctions* −3−

Dkt. No. 1 at 6-7. The actual signature pages show the June 5, 2024, signature date was inaccurate, and Mr. Tolson and his client signed the documents even earlier – on June 3, 2024:

**Part 7:    Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| ✗ | ✗ |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  06 / 03 / 24 | Executed on |
| MM  / DD  / YYYY | MM / DD  / YYYY |

Official Form 101            Voluntary Petition for Individuals Filing for Bankruptcy                     page 6

| Debtor 1 | Jesus    Ochoa | | | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| ✗ | | Date  6 - 3 - 2024 |
|---|---|---|
| Signature of Attorney for Debtor | | MM  /  DD  / YYYY |

Aaron Tolson
Printed name

TOLSON & WAYMENT PLLC
Firm name

1906 Jennie Lee Drive
Number    Street

| Idaho Falls | | ID | 83406 |
|---|---|---|---|
| City | | State | ZIP Code |

Contact phone  208-228-5221        Email address  ajt@aaronjtolsonlaw.com

| 6558 | ID |
|---|---|
| Bar number | State |

Dkt. No. 10 at 1-2.

## II. ANALYSIS

### A. Legal Standards regarding sanctions under the Court's inherent authority: § 105(a)

Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is
> necessary or appropriate to carry out the provisions of this title. No
> provision of this title providing for the raising of an issue by a
> party in interest shall be construed to preclude the court from, sua
> sponte, taking any action or making any determination necessary
> or appropriate to enforce or implement court orders or rules, or to
> prevent an abuse of process.

Ninth Circuit case law has reiterated that § 105(a) authorizes a court "to sanction 'bad faith' or 'willful misconduct,' even in the absence of express statutory authority to do so." *Knupfer v. Lindblad (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003); *see also Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996). The § 105(a) inherent sanction authority is designed to allow a bankruptcy court to deter and provide compensation for a "broad range of improper litigation tactics." *In re Dyer*, 322 F.3d at 1196 (citing *Fink v. Gomez*, 239 F.3d 989, 992-93 (9th Cir. 2001)).

To impose a sanction under § 105(a), a court must first make an explicit finding of bad faith or willful misconduct. *Id.* The concepts of bad faith and willful misconduct in this context means something more egregious than mere negligence or recklessness. *Id.* Ignorance or inadvertence is not enough. *Id.* at 1196-97. There must be some specific intent or other conduct in bad faith, or tantamount to bad faith, to impose § 105(a) sanctions. *Id.* At the same time, a variety of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may be enough to impose inherent sanctions. *Fink,* 239 F.3d at 994.

Sanctions authorized under § 105(a) include only those that are compensatory or designed to coerce compliance. *In re Dyer*, 322 F.3d at 1192. Bankruptcy courts possess the inherent authority under § 105(a) to include sanctions up to and including the suspension or disbarment of attorneys. *Price v. Lehtinen (In re Lehtinen)*, 332 B.R. 404, 412-13 (9th Cir. BAP 2005).

### B. Legal Standards: § 362(a)

The automatic stay under § 362(a) prevents certain collection, enforcement, and other actions aimed against a debtor or property of a bankruptcy estate. Those protections are triggered by the filing of a petition, *see* § 362(a):

> . . . a petition **filed** under section 301, 302, or 303 of this title . . .
> operates as a stay, applicable to all entities . . .

(emphasis added). The signing of a petition is not enough; the petition must be filed. *Id.*

When a Chapter 13 case is filed, the order for relief acts as a limited stay of actions against certain codebtors. *See* § 1301(a). Yet, the codebtor stay has limits. First, it only protects against actions to collect all or any part "of a consumer debt of the debtor." *Id.* Second, the codebtor stay only protects "any **individual** that is liable on such debt with the debtor, or that secured such debt." *Id* (emphasis added). The Chapter 13 codebtor stay would not limit or prevent collection actions on a business debt from a debtor's business.

### C. Legal Standards: Idaho Rule of Professional Conduct 1.2, 8.4

The Idaho Rules of Professional Conduct ("IRPC") outline Idaho attorneys' responsibilities as officers of the Court and, in general, provide an attorney "should use the law's procedures only for legitimate purposes and not to harass or intimidate others." IRPC, Preamble. As to the scope of an attorney's representation of a client, the Rules state:

> A lawyer shall not counsel a client to engage, or assist a client, in

*Motion for Show-Cause Order re: Non-Monetary Sanctions* −6−

> conduct that the lawyer knows is criminal or fraudulent, but a
> lawyer may discuss the legal consequences of any proposed course
> of conduct with a client and may counsel or assist a client to make
> a good faith effort to determine the validity, scope, meaning or
> application of the law.

IRPC, Rule 1.2.

The IRPC also identify certain, specified conduct that amounts to "misconduct,"

including:

> It is professional misconduct for a lawyer to:
>   ****
>   (c)   engage in conduct involving dishonesty, fraud, deceit or
>         misrepresentation.

IRPC, Rule 8.4.

**D.  Mr. Tolson's email to pre-petition creditors suggests potential sanctionable conduct**

Upon superficial review, it appears Mr. Tolson's communication to creditors on June 6,

2024, by which he indicated he had filed a Chapter 13 bankruptcy for Jesus Ochoa, was

potentially dishonest, deceitful, and a misrepresentation. No bankruptcy case had been filed for

Mr. Ochoa on that date. The communication misstated facts about the filing of a bankruptcy case

and attempted to improperly invoke the automatic stay for an unfiled case. The communication

also misstated the effect a filed Chapter 13 bankruptcy petition would have had on collection

efforts against Mr. Ochoa's businesses.

Such conduct appears to be an abuse of the bankruptcy system and the automatic stay,

improperly and/or fraudulently invoking the stay to intimidate creditors from pursuing otherwise

legal and authorized collection efforts. The communication also appears to run afoul of the Idaho

Rules of Professional Conduct.

The UST recognizes the Petition and other documents were signed prior to the June 6 email being sent. Perhaps there is some explanation for the conduct that would indicate that, while it was negligent and reckless, it did not amount to bad faith or willful misconduct.

To determine whether sanctions are appropriate for this conduct, Mr. Tolson should be provided due process and the opportunity to show cause as to why sanctions should not be imposed.

**WHEREFORE**, the UST respectfully requests the Court order Attorney Aaron Tolson to show cause why Sanctions should not be ordered pursuant to § 105(a).

So that Mr. Tolson has an adequate opportunity to respond to and represent his interests, the UST requests that any Order to Show Cause specifically identify the date of a hearing on the Order to Show Cause and indicate that such a hearing will provide Mr. Tolson and any parties in interest the opportunity to adequately prepare for and present evidence regarding potentially sanctionable conduct.

The UST also requests the Order to Show Cause identify potential remedies and sanctions the Court may impose for conduct of a type and nature like that described within this Motion.

Dated: July 22, 2024 GREGORY M. GARVIN
Acting United States Trustee


/s/ Jason R. Naess
JASON R. NAESS
Assistant United States Trustee
[jason.r.naess@usdoj.gov Non-CM/ECF e-mail]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2024, I filed the foregoing electronically through the CM/ECF system, which causes parties or counsel to be served by electronic means, as reflected on the Notice of Electronic Filing.


Dated: July 22, 2024                    /s/ Jason R. Naess_____
                                        JASON R. NAESS

# Exhibit A

| | |
|---|---|
| **From:** | Kathleen McCallister |
| **To:** | Naess, Jason R. (USTP) |
| **Cc:** | Jorgensen, Andrew (USTP) |
| **Subject:** | [EXTERNAL] more concerns |
| **Date:** | Friday, June 7, 2024 2:10:36 PM |
| **Attachments:** | image002.png |

Does it concern your office that Mr. Tolson advised a creditor they could not collect since the Debtor was in a chapter 13 (he included me in the email) but no case has been filed yet? I have highlighted the comment he made. I also think he is not correct and the stay may not extend to Debtor's small business for non-consumer debt.

I am not thrilled about Mr. Tolson trying to add to my workload on unfiled cases and making false representations to creditors.

Respectfully,

Kathleen McCallister
Chapter 13 Trustee
PO Box 1150
Meridian, ID 83680
208-922-5100 phone
208-922-5599 fax

**PRIVILEGE AND CONFIDENTIALITY NOTICE**
This e-mail is intended only for the use of the recipient named and may contain information that is confidential, privileged, and exempt from disclosure under applicable laws. If you are not the recipient, you may have received this transmission in error. We ask that you immediately notify the sender and remove this and all attached file(s) from your system. Receipt by anyone other than the intended recipient is not a waiver of the attorney-client or work-product privileges. You are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in this transmission if you are not the intended recipient is prohibited and may expose you to liability.

**From:** Aaron Tolson <ajt@aaronjtolsonlaw.com>
**Sent:** Friday, June 7, 2024 1:52 PM
**To:** Kathleen McCallister <kam@kam13trustee.com>
**Subject:** Re: Please reviwew

This is a case being prepared for Chapter 13. The debtor is a single owner operator and a place bought up some of his trade debt and is now asking people that owe him money to send it to

them instead.  We are just trying to make sure that he will be able to keep his income to fund his plan.

On Fri, Jun 7, 2024 at 9:29 AM Kathleen McCallister <kam@kam13trustee.com> wrote:

> I don't have a chapter 13 bankruptcy case for Jesus Ochoa, I am not sure what this is about. Additionally the co-debtor stay only extends to consumer debt and not business debt.  Can someone advise me why I received this email?
>
>
>
> Kathleen McCallister
> Chapter 13 Trustee
> PO Box 1150
> Meridian, ID 83680
> 208-922-5100 phone
> 208-922-5599 fax
>
>
>
> **PRIVILEGE AND CONFIDENTIALITY NOTICE**
> This e-mail is intended only for the use of the recipient named and may contain information that is confidential, privileged, and exempt from disclosure under applicable laws. If you are not the named recipient, you may have received this transmission in error. We ask that you immediately notify the sender and remove this and all attached file(s) from your system. Receipt by anyone other than the intended recipient is not a waiver of the attorney-client or work-product privileges. You are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in this transmission if you are not the intended recipient is prohibited and may expose you to liability.
>
>
>
> **From:** Aaron Tolson <ajt@aaronjtolsonlaw.com>
> **Sent:** Thursday, June 6, 2024 8:30 PM
> **To:** Cecilia Hernandez <cecilia@blacktaildrywall.com>; Jace.Holman@daconstruction.com; Kathleen McCallister <kam@kam13trustee.com>
> **Cc:** Jesus Ochoa <jesusochoa1184@gmail.com>
> **Subject:** Re: Please reviwew
>
> Jace let us know who your lawyer is.  Jesus Ochoa has entered a Chapter 13 bankruptcy, and the stay on collection activity extends to Jesus and his small business, so he will need those funds from his drywall jobs to fund his chapter 13 plan, which will be repaying people at least some of what they are owed.  Also send a copy of the lien you are referencing so the Chapter 13 trustee and I can figure out the rights of the various parties here and see if we can get this unstuck.
>
> On Thu, Jun 6, 2024 at 10:18 AM Cecilia Hernandez <cecilia@blacktaildrywall.com> wrote:

Good morning Aaron,

I sent pay app request yesterday 6.5.24. and this was their response. Is there a letter we can send to the general contractors to release pending payments?

let me know or feel free to give me or Jesus a call to discuss.

Thank you
Cell (208)680-7017



---

**From:** Jace Holman <Jace.Holman@daconstruction.com>
**Sent:** Wednesday, June 5, 2024 3:54:31 PM
**To:** Cecilia Hernandez <cecilia@blacktaildrywall.com>
**Cc:** Jesus Ochoa <jesus@blacktaildrywall.com>
**Subject:** RE: 10-257 Pay App 2

Cecilia,

DAC has received a Lien on your receivables and all payments to Blacktail are being held until we receive legal guidance to release them.

Thanks,

**JACE HOLMAN**
**Project Manager**
O: 307-672-0418
C: 406.200-5234



**From:** Cecilia Hernandez <cecilia@blacktaildrywall.com>
**Sent:** Wednesday, June 5, 2024 3:11 PM
**To:** Jace Holman <Jace.Holman@daconstruction.com>
**Cc:** Jesus Ochoa <jesus@blacktaildrywall.com>
**Subject:** RE: 10-257 Pay App 2

Good afternoon Jace,

Attached is pay app 3 for Retention. Let me know if you have any questions.


Thank you


Sincerely,

Cecilia Hernandez

Office (307)249-3342 Ext. 1

Cell (208)680-7017




---

**From:** Cecilia Hernandez
**Sent:** Wednesday, May 8, 2024 2:23:27 PM
**To:** Jace Holman <Jace.Holman@daconstruction.com>
**Cc:** Jesus Ochoa <jesus@blacktaildrywall.com>
**Subject:** 10-257 Pay App 2


Jace please see attached. Let me know if you have any questions.



Thank you


Sincerely,

Cecilia Hernandez

Office (307)249-3342 Ext. 1

Cell (208)680-7017



--

**Aaron J. Tolson**
**208-228-5221**



--

**Aaron J. Tolson**
**208-228-5221**

