# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>JESUS OCHOA,<br><br>Debtor. | Bankruptcy Case<br>No. 24-40388-NGH |

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING

**TO:** Aaron Tolson

**YOU ARE HEREBY NOTIFIED THAT** on Thursday, October 17, 2024 at 1:30 p.m. Mountain Time, the Court will conduct a show cause hearing to address issues concerning your representation of the above-named debtor, Jesus Ochoa ("Debtor").

On July 10, 2024, Debtor filed a voluntary chapter 13 bankruptcy petition. Doc. No. 1. A chapter 13 plan was filed the same day. Doc. No. 2. Both the petition and plan were filed by Debtor's counsel, Aaron Tolson ("Counsel").

On July 16, 2024, the chapter 13 trustee ("Trustee") filed a motion to dismiss the bankruptcy case, Doc. No. 24, listing several grounds for dismissal:

1. Debtor's schedules facially demonstrate Debtor is not eligible for chapter 13 relief. Schedule D indicates secured debt totaling $1,563,718.99 and unsecured debt totaling $1,425,675.91. Pursuant to § 109(e), on July 10, 2024, the debt limit for secured debts was $1,395,875 and the limit for unsecured debts was $465,275.

ORDER TO SHOW CAUSE AND NOTICE OF HEARING−1

2. The plan proposed by Debtor is also facially not feasible or confirmable, because:

    a) the plan provides for monthly payments of $500 for 60 months, despite Debtor's schedule J which lists disposable income of -$2,144.14 per month;

    b) the plan provides for payment to only three secured creditors despite the schedules indicating there are seven secured creditors;

    c) the plan proposes that Trustee pay installments to two creditors totaling $3,959 per month yet proposes plan payments of only $500; and

    d) the schedules indicate Debtor has a bank account with $73,000 in it, but does not propose paying unsecured creditors anything, calling into question whether the best interests of creditors requirement is met.

3. Inconsistencies in the filings make it unclear what Counsel is to be paid in this case. He filed a disclosure of compensation indicating he was paid $5,000, and the model retention agreement he and Debtor signed agrees with that figure. Doc. Nos. 4 & 9. On the other hand, the Statement of Financial Affairs filed in this case indicates Counsel was paid $5,000 and $2,500, both in May 2024. Doc. No. 1 at pp. 41 and 42 of 50.[1]

On July 16, 2024, Trustee also filed a "Motion to Review Attorneys Fees Pursuant to § 329(B)." Doc. No. 26. In addition to reviewing some of the same issues she noted in the motion to dismiss, Trustee related that she had been copied on an email from

---

[1] The payments of $5,000 and $2,500 are listed twice; the dates are the same, and only the capitalization on Counsel's address and the zip code associated with his office are different.

ORDER TO SHOW CAUSE AND NOTICE OF HEARING–2

Counsel to one of Debtor's creditors dated June 6, 2024. The email advised the creditor that "Jesus Ochoa has entered a Chapter 13 bankruptcy, and the stay on collection activity extends to [Debtor] and his small business." *Id.* at ¶ 4. As Debtor's bankruptcy case was not filed until July 10, 2024, and was only filed on behalf of Debtor and not any business, the statements in the email have the appearance of being at least misleading and perhaps false.

Additionally, on July 22, 2024, the United States Trustee ("UST") filed a "Motion Requesting Order for Debtor's Attorney to Show Cause why Non-Monetary Sanctions Should not be Ordered Under § 105." Doc. No. 28. After relating more detail concerning the email sent to the creditor described above, the UST recited the legal standards under §§ 105(a), 362(a), and the Idaho Rules of Professional Conduct, ¶¶ 1.2 and 8.4, and concluded Counsel's conduct may be sanctionable. That motion has not been set for hearing.

Counsel responded to both the UST's show cause motion and the Trustee's motion to review fees. Doc. Nos. 29 & 30. In the latter filing, Counsel requests an evidentiary hearing "to determine the progress made on the case before determining if a fee sanction is proper." Doc. No. 30. Counsel also filed amended schedules which now show $1,500.11 in monthly net income. Doc. No. 31.

Finally, the Court has noted numerous instances in recent months where Counsel's work has been careless and inaccurate. Some examples are:

1. Case No. 24-20083: this was a Northern division case filed as an Eastern division case, requiring the clerk to execute an intra district case transfer and send out an amended notice of the § 341(a) meeting of creditors. Moreover,

ORDER TO SHOW CAUSE AND NOTICE OF HEARING–3

the case was filed as a no asset case, despite the petition stating it was an asset case.

2. Case No. 24-40010: the case was missing the debtor's Social Security Number at filing. Counsel also failed to file the written representation agreement and only did so following the issuance of two corrective entries. The chapter 7 trustee also listed numerous issues with the filing, such as failing to: disclose ownership of a recreational vehicle; provide any pay advices; provide his 2022 tax returns pursuant to the Income Tax Turnover Order; list debtor's personal and business accounts at Frontier Credit Union; and provide all bank statements.

3. Case No. 24-40026: Counsel transposed debtor's first and last name when filing the case, requiring the Court's staff to send out an amended notice of the § 341(a) meeting of creditors. In addition, Counsel marked a presumed abuse on the petition but did not mark it when electronically filing the case, and despite multiple requests to Counsel's office to rectify the problem, it was never done and the UST ultimately sent out a statement of presumed abuse.

4. Case No. 24-40036: Counsel filed a chapter 7 case for a debtor but failed to note that the debtor had already received a discharge in another chapter 7 case within eight years and thus would not be eligible for a discharge in this case. Ultimately, Counsel filed a voluntary motion to dismiss the case and stipulated with the UST to refund fees and costs paid by the debtor.

5. Case No. 24-40152: Counsel filed a chapter 13 case and filed a plan that neither the debtor nor Counsel had signed. When prompted to file a signed plan, Counsel failed to attach the signed plan to the notice that was sent to all creditors, and then in an attempt to correct that error, he sent out a different form for a different debtor instead of the plan. He also used an incorrect form for domestic support obligation certification and had to correct that mistake.

Due to the problems enumerated above, as well as the host of continuing issues with Counsel's practice of law, the Court concludes an evidentiary hearing is appropriate.

## NOTICE OF HEARING

Based on a review of the record, and pursuant to 11 U.S.C. § 105(a) and the Court's inherent powers, Counsel is ordered to appear before the Court in person on October 17, 2024 at 1:30 pm (MT) at the U.S. Courthouse, 801 E. Sherman St., Pocatello,

ORDER TO SHOW CAUSE AND NOTICE OF HEARING–4

Idaho, to explain the allegations raised in this case and his failure to otherwise perform his duties under the Code to his clients and the Court and to show cause why sanctions, including monetary sanctions and potential suspension from practice before this Court, should not be imposed under the Court's equitable and inherent powers. The Trustee and the UST may also file written submissions and appear and participate at such hearing.

    If you choose, you may appear at the hearing with counsel. At the hearing, you may be subject to examination under oath by the Court, the UST, Trustee, or other interested parties. Unless subpoenaed to appear, the Debtor in the case listed above is not required to appear personally at the hearing, though he may voluntarily attend if he chooses.

DATED: August 2, 2024

_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

ORDER TO SHOW CAUSE AND NOTICE OF HEARING–5